**INQUIRY COMMISSION, Movant**

v.

**Richard Kip CAMERON, Respondent.**

**No. 2007–SC–000913–KB.**

Supreme Court of Kentucky.

March 20, 2008.

***OPINION AND ORDER***

The Inquiry Commission has moved this Court to temporarily suspend Richard Kip

Cameron, KBA Member No. 10144, whose bar roster address is 1611 South Main Street, Suite 14, P.O. Box 1013, Hopkinsville, Kentucky 42240, from the practice of law. The request is pursuant to SCR 3.165(1)(a) for misappropriating funds or for improperly dealing with said funds, and pursuant to SCR 3.165(1)(d), for addiction to intoxicants to the extent that he does not have the physical or mental fitness to continue the practice of law. We believe the uncontroverted evidence supports said temporary suspension and so order.

Exhibit 1 is a letter with signed affidavits, from the Judges of Christian County to the Kentucky Bar Association (KBA), contending that the Respondent, Richard Kip Cameron, merited a temporary suspension from the practice of law for violations of SCR 3.165. As a result of the KBA's investigation, the KBA opened seven files on the Respondent. The Respondent was notified of the charges and declined to answer said charges. The uncontroverted facts in the petition of the Inquiry Commission are as follows.

### KBA File 14584

From June 23, 1986, to September 15, 2004, Respondent served as the Christian District Court appointed Conservator of the Estate of Troy Perry. As Conservator, Respondent came into control of various sums of money which belonged to Mr. Perry.

Respondent was late in filing his annual reports for the years 2003 and 2004, and on September 24, 2004, Pam Neely was appointed by the Court to serve as the new Conservator.

Ms. Neely discovered that during the term of his conservatorship Respondent double-charged the estate by charging both a Conservator fee and a private attorney fee, and misappropriated and converted to his own use money that belonged to Mr. Perry, in an amount in excess of $60,000.00.

A copy of the Bar complaint by Ms. Neely, a sworn affidavit, is attached on KBA Exhibit 3. On September 21, 2007, the Inquiry Commission issued a Charge against Respondent in connection with this misappropriation. A copy of the Charge is attached hereto and incorporated by reference as KBA Exhibit 4.

A copy of the Charge was served upon Respondent by the Christian County Sheriff's Office on October 20, 2007. Respondent is in default of filing an Answer to the Charge.

. . .

### KBA Files 14981, 14892

On November 30, 2006, Jonathan Wheeler swore in a Criminal Complaint in Christian County that on October 31, 2006, Respondent wrote a check to Mr. Wheeler in the amount of $425.00, and that the check was returned for insufficient funds. On December 5, 2006, Rita Colley, of the HHS Cafe swore in a Criminal Complaint in Christian County that on October 6, 2006, Respondent wrote a check to the cafe in the amount of $6.25, and that the check was returned for insufficient funds.

Respondent was criminally charged with one (1) count of Theft by Deception Under $300.00 (a misdemeanor), and one (1) count of Theft by Deception Over $300.00 (a felony).

On January 8, 2007, Stacie Watkins swore in a Criminal Complaint in Christian County that on October 31, 2006, Respondent wrote a check to the Christian County Circuit Clerk in the amount of $151.34, for the payment of filing fees in the case of the *Kibodeaux v. Kibodeaux*, and that the check was returned for insufficient funds.

On January 9, 2007, Billy Morris of "Place 1," swore in a Criminal Complaint in Christian County that on November 10, 2006, Respondent wrote a check to the business in the amount of $41.92, and that the check was returned for insufficient funds.

On January 9, 2007, Mr. Morris swore in a separate Criminal Complaint in Christian County that on November 11, 2006, Respondent wrote a check to the business, in the amount of $36.96, and that the check was returned for insufficient funds.

Respondent was charged with three (3) counts of Theft by Deception Under $300.00.

On November 22, 2006, Christine Irwin, of the "Copper Still," swore in Criminal Complaints that Respondent wrote checks to the business in the amount of $30.58 each on September 29, 2006, September 30, 2006, October 4, 2006, October 6, 2006, and November 5, 2006, and that each of the five (5) checks were returned for insufficient funds.

Respondent was charged with five (5) counts of Theft by Deception Under $300.00.

On July 5, 2007, a representative of the Raceway convenience store in Hopkinsville, swore in a Criminal Complaint that Respondent wrote a check to the business in the amount of $12.41, on September 12, 2006, and that the check was returned for insufficient funds.

Certified court records of the criminal complaints are attached hereto and incorporated by reference as KBA Exhibit 5.

On October 17, 2007, Respondent agreed to resolve the above criminal charges by entering into a pre-trial diversion program, the equivalent of guilty pleas in disciplinary proceedings. Certified court records of the order of diversion are attached hereto and incorporated by reference as KBA Exhibit 6.

. . .

### KBA File 15027

Mitchell Moore of Hopkinsville, Kentucky, retained Respondent to represent him in defense of charges of reckless driving, assault [in the] third degree on a police officer, fleeing to evade police in the first degree and resisting arrest. A copy of the sworn bar complaint is attached hereto and incorporated by reference as KBA Exhibit 7.

A copy of the bar complaint was served upon Respondent by the Christian County Sheriff's Office on July 24, 2007.

On August 27, 2007, Respondent filed a request for an extension of time, up to and including September 6, 2007, to file a Response, citing alcohol abuse, recent residential treatment and severe depression. A copy of Respondent's request is attached hereto and incorporated by reference as KBA Exhibit 8. Respondent has not filed a Response to the allegations of the bar complaint. It is apparent from the recent letter sworn to by members of the Bench that his treatment is not, at this time, at a level to permit him to practice law.

. . .

### KBA File 15069

Arthur Wimberly retained Respondent to handle his direct appeal from a criminal court conviction. On March 14, 2007, the Court of Appeals entered an order for Respondent to show cause why Mr. Wimberly's appeal should not be dismissed, noting that a failure of Respondent to respond could result in the imposition sanctions against counsel.

Respondent did not respond to the Court's March 14, 2007 show cause order. A sworn bar complaint advising the Inquiry Commission of this is attached as KBA Exhibit 9.

On September 28, 2007, the Inquiry Commission issued a Charge against Respondent in this matter[.] A copy of the Charge is attached hereto and incorporated by reference as KBA Exhibit 10. It contains copies of the Orders of the Court of Appeals demonstrating his neglect of the client matter and disregard of the orders of the tribunal.

A copy of the Charge was served upon Respondent by the Christian County Sherrif's Office on October 20, 2007. Respondent is in default of filing an Answer to the Charge.

. . .

### KBA File 15078

On February 26, 2007, James Michael Stewart, of Cadiz, Kentucky, filed a sworn bar complaint against Respondent alleging that he had paid Respondent the sum of $500.00 to expedite the resolution of a property dispute in Trigg County. Mr. Stewart alleged that Respondent has not performed any work and will not answer his calls. A copy of the bar complaint is attached hereto and incorporated by reference as Exhibit 11.

A copy of the bar complaint was served upon Respondent by the Christian County Sheriffs Office on October 20, 2007. Respondent has not filed a Response to the bar complaint.

. . .

### KBA File 15748

On September 24, 2007, Shelia D. Settles filed a sworn bar complaint against Respondent alleging that she paid Respondent the sum of $5,000.00 to represent her daughter in her daughter's criminal case and that Mr. Cameron had failed to appear in court on the case on several occasions. A copy of the bar complaint is attached hereto and incorporated by reference as KBA Exhibit 12. This demonstrates a continued pattern, which has now been demonstrated, of misappropriation of client funds and failing to attend to client matters.

A copy of the bar complaint was served upon Respondent by the Christian County Sheriff's Office on October 30, 2007. Respondent has not filed a Response to the bar complaint.

SCR 3.165(1)(a) provides for a temporary suspension by this Court if "probable cause exists to believe that an attorney is or has been misappropriating funds the attorney holds for others to his/her own use or has been otherwise improperly dealing with said funds. . . ." SCR 3.165(1)(d) gives additional grounds, if "[i]t appears that probable cause exists to believe that an attorney is mentally disabled or is addicted to intoxicants or drugs and probable cause exists to believe he/she does not have the physical or mental fitness to continue to practice law."

This Court has reviewed the uncontroverted allegations of the Inquiry Commission, along with its extensive documentation, and agrees that probable cause exists to believe that the attorney has been misappropriating funds or otherwise improperly dealing with client funds, and that probable cause exists to believe that the Respondent is addicted to intoxicants or drugs and does not have the physical or mental fitness to continue to practice law.

Accordingly, it is hereby ORDERED that the Respondent, Richard Kip Cameron:

1. Is temporarily suspended from the practice of law until further notice; and

2. Shall, pursuant to SCR 3.165(5), notify all clients in writing of his inability to continue to represent them and shall furnish copies of all such letters to the Director of the Kentucky Bar Association; and

3. Shall, pursuant to SCR 3.165(6), to the extent reasonably possible, cancel and cease any advertising activities.

All sitting. All concur, except CUNNINGHAM, J., not sitting.

ENTERED: March 20, 2008.

/s/ Joseph E. Lambert
Chief Justice