INQUIRY COMMISSION, Movant,

v.

Donald Lynn RICHARDSON,
KBA Member No. 58120,
Respondent.

No. 2010–SC–000570–KB.

Supreme Court of Kentucky.

Nov. 18, 2010.

## OPINION AND ORDER

The Inquiry Commission of the Kentucky Bar Association (hereinafter KBA) requests that Respondent, Donald Lynn Richardson, KBA Member No. 58120, be temporarily suspended from the practice of law in the Commonwealth of Kentucky pursuant to Supreme Court Rule (SCR) 3.165(1). Richardson's Bar Roster address is 541 Buttermilk Pike, Suite 101, Crescent Springs, Kentucky 41017. The Inquiry Commission, in its petition to this Court, states that it has probable cause to believe that Richardson has been misappropriating or otherwise improperly dealing with funds that he holds for others. *See* SCR 3.165($l$)(a). Richardson has not currently filed a response to the Inquiry Commission's allegations. Having reviewed the petition and the supporting evidence and Richardson's failure to file a response, we agree there is probable cause to find Richardson has misappropriated or otherwise improperly dealt with funds held on behalf of his clients and, thus, grant the petition.

In support of its petition, the Inquiry Commission has brought to the attention of this Court a verified complaint by Eric W. Richardson (no relation to Respondent), an attorney representing Fifth Third Mortgage Company (hereinafter Fifth Third) in a civil action filed in Hamilton County, Ohio. In this complaint, the following factual scenario is presented.

Donald Lynn Richardson owned and operated a company known as Commitment

Title Agency (hereinafter Commitment Title), and this company entered into an arrangement with Fifth Third to provide real estate closing services. The funds for a closing would be transferred to an escrow account by Fifth Third for Commitment Title to hold as escrow agent until completion of the closing. At that time, Fifth Third would provide Commitment Title with instructions for the disbursement of those funds to the proper party. According to the terms of the agreement, Commitment Title was not authorized to decline to remit the funds held in escrow once given instructions by Fifth Third, nor was Commitment Title allowed to take action regarding the escrow funds contrary to the obligation to disburse them timely as directed by Fifth Third.

Five closings were conducted pursuant to this agreement between May 5 and May 13, 2010. In each instance, Fifth Third transferred the funds to the specified escrow account. The total amount of funds held in escrow by Commitment Title was approximately $1,124,034.63. As the five closings were completed, Fifth Third learned that the funds had not been remitted as directed for these transactions. Fifth Third's civil complaint avers that Richardson and Commitment Title "have used the funds to purchase real and personal property, to pay personal debts and to otherwise convert the funds to their own use." In order to avoid foreclosure on the homes, Fifth Third paid out an additional $1.1 million and filed a civil action in Hamilton County, Ohio to recoup the funds.[1] The Ohio court issued a temporary restraining order on July 2, 2010, and a preliminary injunction on July 21, 2010. Both orders froze the assets of Richardson

and Commitment Title up to the amount of the missing funds. In addition, both orders entered a finding that "Fifth Third has demonstrated a substantial likelihood that it will prevail on its claims."

The sole explanation given regarding Commitment Title's failure to disperse the funds was contained in a letter dated June 11, 2010, written by R. Scott Croswell, who was then serving as counsel for both Richardson and Commitment Title.[2] In that statement, it is averred that "[d]ue to [C]ommitment Title Agency's present financial condition, they are unable to transfer funds necessary to satisfy these obligations."

Given the evidence supporting the Inquiry Commission's petition and Richardson's failure to respond as to the merits of the complaints, we find probable cause exists to believe, pursuant to SCR 3.165(1)(a), that Richardson has misappropriated or otherwise improperly dealt with funds held on behalf of his clients and, thus, hereby grant the petition for temporary suspension.

ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:

1. Respondent, Donald Lynn Richardson, KBA Member No. 58120, is temporarily suspended from the practice of law in the Commonwealth of Kentucky pending further orders of this Court.

2. Disciplinary proceedings against Richardson shall be initiated by the Inquiry Commission, pursuant to SCR 3.160, unless already begun or unless Richardson resigns under terms of disbarment.

1. *Fifth Third Mortgage Company v. Donald L. Richardson & Commitment Title Agency, Inc.,* case no. A–10–6229.

2. As of July 9, 2010, counsel for Fifth Third was informed that Croswell no longer represents Richardson and Commitment Title in the civil matter.

3. Pursuant to SCR 3.165(5), Richardson shall, within twenty (20) days of the date of entry of this order, notify all clients in writing of his inability to continue to represent them and shall furnish copies of such letters of notice to the Director of the KBA.

4. Pursuant to SCR 3.165(6), Richardson shall immediately, to the extent possible, cancel and cease any legal practice advertising activities in which he is engaged.

All sitting.  All concur.

ENTERED:  November 18, 2010.

/s/ John D. Minton, Jr.
    Chief Justice