**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Donald L. RICHARDSON, KBA**
**Member No. 58120,**
**Respondent.**

No. 2011–SC–000353–KB.

Supreme Court of Kentucky.

Sept. 22, 2011.

---

## OPINION AND ORDER

A trial commissioner appointed pursuant to SCR 3.230 has returned a report in the current disciplinary proceedings against Respondent, Donald L. Richardson, KBA Member No. 58120. Richardson was admitted to the practice of law in Kentucky on May 19, 1981. His bar roster address is 541 Buttermilk Pike, Suite 101, Crescent Springs, Kentucky 41017. The trial commissioner recommends that Richardson be suspended from the practice of law for a period of five (5) years.

The charge against Richardson stems from his handling of a mortgage in June of 2002. The mortgage encumbered a piece of residential property in Boone County that was owned by Evelyn and James Parrott. Richardson acted as the settlement agent for Accredited Home Lenders, Inc., who took the mortgage from the Parrotts.

The loan closed on June 25, 2002. Three years later, in March of 2005, it was discovered that the mortgage and other documentation could not be found by the Boone County Clerk. Attorney Carey Steffan contacted Richardson by letter, informing him of the missing documents. Later that month, the mortgage and a related power of attorney were filed with the Boone County Clerk. Upon examination of the mortgage, Steffan determined that the notary clause was insufficient because it did not include a date or county of execution.

Steffan again contacted Richardson, seeking information to allow her to contact the notary and correct the notary clause. Richardson did not respond. However, Steffan knew the purported notary—attorney J. Richard Scott—and contacted him directly in an attempt to cure the defects.

At the end of May, 2005, Richardson re-recorded the mortgage with corrections made to the notary's county and date of execution. Upon receipt of this re-recorded document, Steffan forwarded it to Scott. He replied by letter, stating that he had not notarized the mortgage and that the signature was not his. Scott did acknowledge that he and Richardson had formerly worked in the same law office.

Following the receipt of a complaint concerning Richardson's conduct in this matter, the Inquiry Commission formally charged him. A trial commissioner was appointed and a hearing was held. Based on the evidence presented, the trial commissioner entered the following findings of fact:

1. Richardson did not file the mortgage and power of attorney involved in the Parrott loan for over three years after the closing occurred.

2. J. Richard Scott did not notarize the mortgage at the time of the closing.

3. When the documents were questioned in regard to the deficient notarization, Richardson signed the name of a former attorney in the office without the consent or knowledge of that attorney.

4. Richardson re-recorded the mortgage in the office of the Boone County Clerk, as if it were a properly notarized document.

The trial commissioner concluded that Richardson violated SCR 3.130–1.3 by failing to record the mortgage of the Parrott property for nearly three years after the closing of the loan. He also violated SCR 3.130–8.4(c)[1] by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation by signing Scott's name to the document when he was not the notary and without Scott's knowledge or consent. Further, Richardson attempted to hide the situation by adding information to the document and re-recording it.

In recommending a sanction, the trial commissioner considered Richardson's prior discipline, which includes a temporary suspension issued on November 18, 2010, on charges unrelated to the present matter. *Inquiry Com'n v. Richardson*, 324 S.W.3d 739 (Ky.2010). The trial commissioner concluded that the appropriate sanction in this case would be a suspension for a period of five (5) years.

Neither Richardson nor Bar Counsel appealed the trial commissioner's determination, so the matter came directly to this Court pursuant to SCR 3.360(4). We find that the trial commissioner's findings of fact and conclusions of law are supported by the record and the law. Further, in light of Richardson's history of prior discipline and the nature of his misconduct, the sanction is appropriate. *See Steutermann v. KBA*, 889 S.W.2d 778 (Ky.1994) (attorney suspended for a period of two years where he failed to file patent documents and later forged a false patent rejection letter); *KBA v. Kirk*, 942 S.W.2d 908 (Ky.1997) (attorney was disbarred for forgery of endorsement of client on settlement check and withholding said funds). The decision of the trial commissioner is, therefore, adopted pursuant to SCR 3.370(10).

Richardson is found to have violated SCR 3.130–1.3 by failing to timely record the Parrotts' mortgage and SCR 3.130–8.4(c) for engaging in conduct involving dishonesty and deceit. Accordingly, it is hereby ORDERED that:

1. Respondent, Donald L. Richardson, KBA Member No. 58120, is suspended from the practice of law in the Commonwealth of Kentucky for a period of five (5) years from the date of the entry of this order.

2. In accordance with SCR 3.390, Richardson shall notify all courts in which he has matters pending, if any, and all clients for whom he is actively involved in litigation and similar matters, if any, of his inability to continue representation and advising them of the necessity of retaining new counsel. Richardson shall also provide a copy of such letters to the Director of the KBA and cease advertising activities, if any.

3. In accordance with SCR 3.450, Richardson is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $323.30, for which execution may issue from this Court upon finality of this Opinion and Order.

ENTERED: September 22, 2011.

/s/ John D. Minton Jr.

Chief Justice

ABRAMSON, CUNNINGHAM, NOBLE, SCOTT and VENTERS, JJ., concur. SCHRODER, J., not sitting.

1. At the time of the charge against Richardson, this provision was SCR 3.130–8.3(c). Effective July 15, 2009, the rule was renumbered and is currently found at SCR 3.130–8.4(c). The current citation will be used in this opinion.