**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**Donald Lynn RICHARDSON,**
**Respondent.**

**No. 2011–SC–000654–KB.**

Supreme Court of Kentucky.

Feb. 23, 2012.

## OPINION AND ORDER

The Respondent, Donald L. Richardson, KBA Member Number 58120, whose bar roster address is 541 Buttermilk Pike, Suite 1010, Crescent Springs, Kentucky 41017, and who was admitted to the Kentucky Bar on May 19, 1981, is alleged to have committed multiple violations of the Rules of Professional Conduct and has been convicted of a felony criminal offense for his conduct. The Kentucky Bar Association's Board of Governors has recommended that Respondent be disbarred for his misconduct. This Court adopts the recommendation.

The Respondent operated a title company providing real estate closing services. Under an agreement with Fifth Third Bank, he would receive and hold funds in escrow to be transferred as directed by the bank after closings were completed. Between May 5 and 13, 2010, Respondent received $1,124,034.63 for five closings scheduled that week. Respondent, however, did not transfer the funds after the closings. When the bank inquired about the funds, he claimed, through counsel, that he was "unable to transfer funds necessary to satisfy these obligations." The bank paid an additional $1.1 million to honor the obligations created by the five closings and then filed a civil action to recover the funds from the Respondent. The action eventually resulted in a default judgment for the full amount of the escrowed funds, entered on January 6, 2011.

In September 2010, the Inquiry Commission issued a complaint against Respondent under its own authority under SCR 3.160(2) alleging multiple ethical violations. These included violations of SCR 3.130–8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects) and SCR 3.130–8.4(c) (engaging in dishonesty, fraud, deceit, or mis-representation). Service of the complaint by mail, Sheriff, and the Executive Director of the KBA was attempted but unsuccessful.

On November 18, 2010, the Respondent was temporarily suspended from the practice of law by order of this Court under SCR 3.165(1)(a). *See Inquiry Com'n v. Richardson,* 324 S.W.3d 739, 740 (Ky.2010)

In January 2011, the Respondent was indicted in the United States District Court for the Southern District of Ohio for five counts of bank fraud for the five transactions. He entered a guilty plea to one count of the indictment on April 13, 2011 and is currently awaiting sentencing.

On April 26, 2011, the Inquiry Commission issued a formal charge against Respondent. The charge included four counts and alleged violations of SCR 3.130–3.4(c) for failing to maintain a current bar roster address, SCR 3.130–8.1(b) for knowingly failing to respond to a lawful demand for information in a disciplinary matter, SCR 3.130–8.4(b) for committing a criminal act in failing to make the required disposition of the escrowed funds, and SCR 3.130–8.4(c) for committing dishonest, deceitful or fraudulent conduct, again by not turning over the escrowed funds and for failing to timely advise his client that the funds were not available. Again, service was attempted by multiple means but was unsuccessful. As a result, the matter was submitted to the Board of Governors as a default case in August 2011.

The Board voted 18 to 0 to find the Respondent guilty of all four counts in the charge. The Board also voted 18 to 0 to recommend that the Respondent be permanently disbarred. In reaching this recommendation, the Board considered the Respondent's prior discipline, which included his temporary suspension for the facts leading to this case and a separate

disciplinary matter (currently pending before this Court) for acts related to the fabrication of mortgage documents in which the trial commissioner recommended that the Respondent be suspended for not less than five years.

Neither the Respondent nor Bar Counsel has filed a notice for this Court to review the Board's recommendation as allowed under SCR 3.370(8). Because the Board's findings and conclusions are supported by the record and the law, and because the sanction recommended by the Board is appropriate in light of Respondent's disciplinary history and the seriousness of the charges, this Court elects not to review the recommendation of the Board as allowed under SCR 3.370(9). The decision of the Board is therefore adopted pursuant to SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) Respondent, Donald Lynn Richardson, is found guilty of having committed multiple violations of the Rules of Professional Conduct as described above.

(2) Respondent is permanently disbarred and his license to practice law in the Commonwealth of Kentucky is revoked.

(3) To the extent necessary, since he is already suspended from the practice of law, Respondent shall, within 10 days from the entry of this opinion and order, notify all clients in writing of his inability to represent them; notify in writing all courts in which he has matters pending of his suspension from the practice of law; and furnish copies of all letters of notice to the Executive Director of the Kentucky Bar Association. Furthermore, to the extent possible, he shall immediately cancel and cease any advertising activities in which he is engaged.

(4) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $1,066.82, for which execution may issue from this Court upon finality of this Opinion and Order.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCOTT and VENTERS, JJ., concur. SCHRODER, J., not sitting.

ENTERED: February 23, 2012.

/s/ John D. Minton, Jr.
    Chief Justice