TO BE PUBLISHED

# Supreme Court of Kentucky

**FINAL**

2014-SC-000112-KB

DATE 7-1-14 Ella Grouth P.C

INQUIRY COMMISSION                                             MOVANT

V.                          IN SUPREME COURT

CASSANDRA L. SCHMIDT                                      RESPONDENT
KBA MEMBER NO. 86744

## OPINION AND ORDER

The Kentucky Bar Association ("KBA") Inquiry Commission petitions this Court to enter an order temporarily suspending Cassandra L. Schmidt ("Respondent") from the practice of law pursuant to Supreme Court Rule ("SCR") 3.165(1)(b) and (d) until such time as the merits of a disciplinary proceeding can be determined. Respondent's KBA member number is 86744 and her last known bar roster address is 168 Abbott Street, Shepherdsville, Kentucky 40165.

### Petition and Response

On March 6, 2014, the Inquiry Commission filed a petition to temporarily suspend Respondent from the practice of law. The Commission had received several letters and an affidavit from Susan M. Streible, an Assistant Bullitt County Attorney. Ms. Streible's affidavit stated that, in 2013, Respondent was arrested for alcohol-related offenses on four separate occasions. Ms. Streible

further claimed that Respondent failed to appear on behalf of her clients at several court hearings in September of 2013.

On April 2, 2014, Respondent provided this Court with a response to the petition. Respondent admits to suffering from alcohol addiction. Respondent explained that the two misdemeanor convictions and two misdemeanor charges presently pending against her were incurred as a result of her abuse of alcohol. However, Respondent disputes Ms. Streible's allegations that she failed to appear on behalf of her clients. Respondent also claims that she has been in an intense treatment program since December of 2013.

### Criminal Convictions and Charges

The petition states that, in 2013, Respondent was arrested on four occasions. Respondent's first arrest occurred in May of 2013. On that night, Respondent was intoxicated and became physically violent with her boyfriend during an argument. Respondent was charged with Assault in the Fourth Degree—Domestic Violence Minor Injury, *Commonwealth v. Schmidt,* Bullitt District Court, Case No. 13-M-661. After posting bond, Respondent was released on the conditions that she refrain from drinking alcohol, submit to random drug and alcohol testing, commit no further violations of the law, and have no contact with the victim. Shortly thereafter, the victim notified the Commonwealth that Respondent not only attempted to contact him on his cell phone, but that she had also been drinking alcohol. Consequently, Respondent was taken back into custody and her bond was increased.

2

Respondent once again posted bond and was released with the prior conditions still applying.

In July of 2013, Pretrial Services contacted Respondent and requested that she immediately report to their office and submit to a drug and alcohol test; however, Respondent ignored this request. By the time Respondent's failure to submit to a drug and alcohol test came to the trial court's attention, she had already entered a residential treatment program at Ladies of Promise in Louisville. Accordingly, the trial court ordered Respondent to remain in treatment pending the disposition of her case.

Respondent's second arrest occurred on August 8, 2013. Law enforcement officers found Respondent sitting next to her running vehicle which she had driven into a ditch. Respondent was charged with Operating a Motor Vehicle under the Influence of Alcohol/Drugs, Second Offense,[1] *Commonwealth v. Schmidt*, Bullitt District Court, Case No. 13-T-2767. Respondent was released from custody on the condition that she enter the in-patient treatment program at the Healing Place for Women in Louisville.

In September of 2013, Respondent pled guilty to the charge of Assault in the Fourth Degree—Domestic Violence Minor Injury. The trial court sentenced Respondent to thirty days imprisonment, probated for two years under the conditions that she commit no new offenses, avoid contacting the victim, and refrain from consuming or possessing alcohol. On that same day, Respondent

---

[1] Respondent was convicted of Operating a Motor Vehicle under the Influence of Alcohol/Drugs in 2007.

asked the trial court if she could transfer to St. Jude's Women's Recovery Center in Louisville, as the Healing Place would not allow her to work. The trial court allowed Respondent to transfer treatment programs.

In November of 2013, Respondent resolved the other pending case against her after the Commonwealth amended the charge of Operating a Motor Vehicle under the Influence of Drugs/Alcohol, Second Offense, to a charge of Disorderly Conduct. Respondent received a sentence of ninety days imprisonment, probated for a period of two years on the condition that she incur no new offenses, refrain from consuming or possessing alcohol, and remain in St. Jude's Women's Recovery Center.

Unfortunately, Respondent's criminal escapades continued. On November 23, 2013, Respondent was arrested for a third time after law enforcement officers observed her staggering down a roadway in Bullitt County while intoxicated. Respondent was arrested and charged with Alcohol Intoxication in a Public Place, First Offense, *Commonwealth v. Schmidt,* Bullitt District Court, Case No. 13-M-1382. Subsequently, the Commonwealth filed a motion to revoke Respondent's probation in both the assault and disorderly conduct cases. A revocation hearing was set for December 19, 2013.

On December 11, 2013, Respondent was arrested for the fourth and final time. *Commonwealth v. Schmidt,* Bullitt District Court, Case No. 13-M-1442. Similar to her previous arrest, Respondent was found staggering on the street while highly intoxicated. She was charged with Alcohol Intoxication in a Public Place, Second Offense. The following week, Respondent's revocation hearing

4

was held. The trial court determined that Respondent was in need of intense rehabilitation. In lieu of serving jail time, the trial judge ordered Respondent to complete a six-month, in-patient treatment program at the Healing Place for Women. Respondent has remained in the program since her sentencing. Respondent's two public intoxication charges are still pending.

### Failure to Attend Court Hearings

The petition also claims that Respondent failed to appear on behalf of her clients at several hearings in the Bullitt District Court. This allegation is based solely on Ms. Streible's sworn affidavit. It should be noted that Ms. Streible prosecuted Respondent in the four aforementioned cases. It is unclear whether she was also the prosecutor in the hearings which Respondent purportedly failed to attend. Nevertheless, Ms. Streible stated that, on September 11, 2013, Respondent failed to appear on behalf of Justin Bacon in the Bullitt District Court for case number 13-M-0676. Ms. Streible stated that Mr. Bacon believed Respondent was his attorney. The following day, September 12, 2013, Respondent failed to appear in the Bullitt District Court for Lindsey McAuliffe in case number 13-T-01960. Ms. Streible stated that Respondent was listed as counsel of record for Mr. McAuliffe. Lastly, on September 13, 2013, Respondent, failed to appear on behalf of Lonnie Drake in the Bullitt District Court for case number 13-F-0910. Respondent was also listed as counsel of record for Mr. Drake.

In her response, Respondent explained that she had transferred to the St. Jude's Women's Recovery Center during the second week of September

5

2013 and could not attend hearings scheduled that particular week. Furthermore, Respondent claims that, out of the three alleged clients, she was only obligated to appear for Mr. Drake. Moreover, Respondent claims that Mr. Drake's hearing was rescheduled to another date at which time she was present. In regards to Mr. Bacon, Respondent stated that, although she represented Mr. Bacon in other cases during the course of 2013, she did not represent him in case number 13-M-00676. As for Mr. McAuliffe, Respondent acknowledged that she initially represented him at his arraignment in case number 13-T-01960. However, Respondent states that she later informed Mr. McAuliffe that she no longer represented him after he failed to pay her the agreed fee of $500.00 within the thirty-day timeframe.

## SCR 3.165

The rule governing temporary suspensions is found in SCR 3.165. The rule states, in pertinent part, the following:

> (1) On petition of the Inquiry Commission . . . an attorney may be temporarily suspended from the practice of law [when]. . . (b) It appears that probable cause exists to believe that an attorney's conduct poses a substantial threat of harm to his clients or to the public; or . . . (d) It appears that probable cause exists to believe that an attorney is mentally disabled or is addicted to intoxicants or drugs and probable cause exists to believe he/she does not have the physical or mental fitness to continue to practice law.

### (1)(b)-Substantial Threat of Harm

After evaluating the facts as alleged in the petition and the supporting documents attached thereto, we cannot find a reasonable basis to conclude that Respondent's conduct poses a substantial threat of harm to her clients or

6

the public as required by subsection 1(b) of SCR 3.165. Generally speaking, two misdemeanor convictions—Fourth-Degree Assault and Disorderly Conduct—do not indicate that Respondent's conduct poses a substantial threat of harm. In fact, this Court is unaware of any previous situation in which we have temporarily suspended an attorney's license pursuant to SCR 3.165 due to a string of misdemeanor charges and convictions. *Accord Inquiry Com'n v. Robey*, 172 S.W.3d 404 (Ky. 2005) (attorney temporarily suspended after being charged with numerous felonies in two separate cases, including trafficking in a controlled substance and first-degree wanton endangerment); *Inquiry Com'n v. Rylee*, 176 S.W.3d 694 (Ky. 2005) (attorney temporarily suspended after being charged with committing the felonious acts of engaging in organized crime, criminal syndicate, and theft by extortion).

Additionally, the fact that Respondent failed to appear in court on behalf of Mr. Drake hardly qualifies as proof that Respondent poses a substantial threat to her clients. We can find no precedential authority which would support a temporary suspension based on an attorney's failure to attend one hearing for a client. Usually, SCR 3.165 is invoked when an attorney engages in some egregious act. For example, this Court temporarily suspended another attorney pursuant to SCR 3.165(1)(b) when he continuously deceived his clients by preparing fraudulent court documents, forging a federal judge's signature, and failing to appear on his clients' behalf on several different occasions. *Inquiry Com'n v. Smith*, 155 S.W.3d 46 (Ky. 2005); *see also Inquiry Com'n v. Cameron*, 247 S.W.3d 535 (Ky. 2008) (attorney temporarily suspended

7

due to his drug abuse after a KBA investigation resulted in seven Charges being issued, including misappropriating client funds).

### (1)(d)-Mental Fitness

We now turn to subsection (1)(d) of SCR 3.165. Since Respondent's last arrest in December of 2013, she has remained in treatment at the Healing Place for Women. In her response, Respondent reveals that she has not accepted a client since November of 2013. Moreover, Respondent stated that she is not currently practicing law because she is focusing on her recovery. Based on the fact that Respondent is residing in an in-patient treatment facility, coupled with her admission that she has abandoned her law practice, we find it clear that Respondent's alcoholism is a debilitating condition which has robbed her of the mental fitness needed to practice law. Consequently, we agree with the Inquiry Commission that Respondent's license to practice law should be temporarily suspended pending disciplinary proceedings pursuant to SCR 3.165(1)(d).

In addition, the Inquiry Commission asks this Court to require Respondent to (1) contact the Kentucky Lawyers Assistance Program ("KYLAP") for an evaluation; and (2) execute a KYLAP authorization form allowing the Office of Bar Counsel to access information relating to her treatment. Respondent enrolled for rehabilitative services with KYLAP in December of 2013 and has signed a supervisory agreement to that effect. Likewise, in March of 2014, Respondent signed a KYLAP authorization, waiver, and release form allowing the KBA and Office of Bar Counsel to access her information.

8

Respondent has provided this Court with copies of her KYLAP agreement and signed waiver. Since Respondent has engaged KYLAP in her rehabilitation efforts, the Court denies the Inquiry Commission's request that she do just that.

ACCORDINGLY, IT IS HEREBY ORDERED as follows:

(1) Respondent is temporarily suspended from the practice of law in the Commonwealth of Kentucky, effective upon the date of entry of this order, pending further orders from this Court;

(2) Disciplinary proceedings against Respondent may be initiated by the Inquiry Commission pursuant to SCR 3.160, unless already begun or unless Respondent resigns under terms of disbarment;

(3) Pursuant to SCR 3.165(5), Respondent shall, within twenty (20) days from the date of the entry of this Opinion and Order, notify in writing all clients of her inability to provide further legal services and furnish the Director of the Kentucky Bar Association with copies of all such letters;

(4) Pursuant to SCR 3.165(6), Respondent shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which she is engaged.

All sitting. All concur.

ENTERED: JUNE 19, 2014.

_____
CHIEF JUSTICE

9